IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–94–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| SHANE EDWARD JOHNSON, | |
| Defendant. | |

Before the Court are Defendant Shane Edward Johnson's Unopposed Motion for Extension of Time to File Objections to PSR (Doc. 228) and Unopposed Motion to Establish Status of Attorney Representation and for Hearing (Doc. 229). For the reasons discussed below, the Court grants the requested extension and denies the request for a status of counsel hearing.

Following a two-day trial, a jury found Mr. Johnson guilty of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 851 (Count 1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 851, and 18 U.S.C. § 2 (Count 2); and prohibited person in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 3), as set forth in the Second Superseding Indictment. (Docs. 207, 211, 180.) Sentencing in this matter is

1

currently scheduled for December 6, 2023, at the James F. Battin Federal Courthouse in Billings, Montana. (Doc. 213.)

A pattern has emerged with regard to Mr. Johnson's representation in this matter: Mr. Johnson is unwilling to work with either his own retained counsel or Court-appointed counsel. Out of the seven attorneys who have represented him, six have moved to withdraw or moved for a status of counsel hearing due to a breakdown in the attorney-client relationship. (*See* Docs. 76, 124, 164, 165, 221, and 229.) Mr. Johnson also moved to represent himself in this matter, which the Court denied following a *Faretta* hearing. (Doc. 114.) To ameliorate the burden on any one attorney, the Court even appointed two highly qualified and experienced CJA panel attorneys to represent Mr. Johnson. (Doc. 132.) Both of these attorneys ultimately moved to withdraw on the grounds that the attorney-client relationship had broken down. (Docs. 164, 165.)

Mr. Johnson was subsequently appointed a Federal Public Defender to represent him at trial, (Doc. 166), and a second Federal Public Defender subsequently joined his defense, (Doc. 173). Following trial, both of these attorneys moved to withdraw after Mr. Johnson made it "abundantly clear that he will not communicate [with either attorney] . . . to prepare for his forthcoming sentencing." (Doc. 221 at 3.)

Mr. Johnson's current CJA panel attorney, L. Sanford Selvey, II, now moves for a status of counsel hearing after Mr. Johnson made it clear that he would not work with Mr. Selvey to prepare for sentencing. (Doc. 229 at 2.) It has become abundantly clear that Mr. Johnson simply intends to impede the administration of justice in this matter and will not cooperate with any attorney that is assigned to represent him. If Mr. Johnson believes this will lead the Court to ultimately allow him to represent himself, he is mistaken. The Court has already found Mr. Johnson incompetent to represent himself and his unwillingness to cooperate with Court-appointed counsel will not change that determination. Moreover, as the Supreme Court has explained, "those who do not have the means to hire their own lawyers have no cognizable complaint [under the Sixth Amendment] so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). The Court is satisfied that Mr. Johnson's Court-appointed counsel is capable of adequately representing Mr. Johnson and declines the requested status of counsel hearing.

Regarding Mr. Johnson's motion for extension, Mr. Selvey indicates that, although he received the draft PSR on the deadline, he needs additional time to prepare potential objections. (Doc. 228 at 2.) The motion requests that the deadline to file objections to the PSR be extended from October 31, 2023, to

November 13, 2023. (*Id.* at 3.) The Court finds that there is good cause to grant the requested extension.

Accordingly, IT IS ORDERED that the motion for status of counsel hearing (Doc. 229) is DENIED.

IT IS FURTHER ORDERED that the motion for extension to file PSR objections (Doc. 228) is GRANTED. The associated deadlines are RESET as follows:

1. In accordance with U.S.S.G. § 6A1.2, after receipt of the presentence report and no later than **November 13, 2023**, counsel for each party shall present to the probation officer, in writing, any objections to be relied upon at sentencing and, if there is a dispute over any material in the presentence report, counsel shall meet with the probation officer and attempt to resolve disputes informally by diligent good faith effort. Any requests for extensions of time to present objections to the probation officer must be granted by the Court. Extensions will not be granted absent compelling reasons.

2. The defendant shall present the probation officer with a written letter of acceptance of responsibility, if any, no later than **November 13, 2023**. Late acceptance letters will not be considered without leave of Court. But see Fed. R. Crim. P. 32(i)(4)(A)(ii) (recognizing that the defendant

has the right to address the Court orally at sentencing).

3. The presence report, in final form, shall be delivered to the Court and the parties no later than **November 20, 2023**.

4. If the objections made pursuant to ¶ 5 are not resolved and counsel wishes the Court to address them, the objecting party shall submit all unresolved objections and a sentencing memorandum to the Court no later than **November 28, 2023**. The Court will resolve disputes in accordance with § 6A1.3 of the guidelines at the sentencing hearing.

The Court's previous scheduling order (Doc. 213) otherwise remains in full force and effect.

DATED this 31st day of October, 2023.

_____
Dana L. Christensen, District Judge
United States District Court

5